UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ELIZABETH HERNANDEZ, as parent of
RICARDO RODRIGUEZ,

                            Plaintiff,

           — against —

SIX FLAGS GREAT ADVENTURE,

                           Defendant.
-------------------------------------------------------x

**MEMORANDUM and ORDER**

97-CV-4989 (SLT) (CLP)

**TOWNES, United States District Judge:**

On August 27, 1997, plaintiff Elizabeth Hernandez commenced this action on behalf of her then-infant son, Ricardo Rodriguez, to recover for injuries her son allegedly suffered in August 1995 at an amusement park operated by defendant Six Flags Great Adventure ("Six Flags"). On November 16, 1999, Judge Sifton entered an order approving a settlement of this action. That order directed defendant to issue two checks payable to plaintiff's counsel: one for $3,101.00, which was to be placed by counsel into an interest-bearing account for the benefit of Mr. Rodriguez, another second check for $1,899.00, to cover attorney's fees and disbursements. Approximately two weeks after Judge Sifton issued his order, the parties executed a stipulation of dismissal with prejudice and this case was closed.

Sometime in early 2009, Judge Sifton learned that the $3,101.00 check had not been deposited into an interest-bearing account, but had become stale sitting in plaintiff's counsel's file. On April 1, 2009, after obtaining defendant's counsel assurances that defendant would re-issue the check, Judge Sifton issued an order directing plaintiff's counsel and defendant to "deliver to the Clerk of the Court on or before April 8, 2009, checks in the amount of $3,101.00, representing the principal owed to Mr. Rodriguez, and $1,193.24, representing interest on the

principal." Order dated Apr. 1, 2009, at 1-2. In a footnote, Judge Sifton explained that the interest had been calculated for the period from November 17, 1999, to April 1, 2009, using the "Federal Reserve rates for 6-month CD's." *Id.* at 2, n.1.

According to Judge Sifton's order dated July 20, 2009, plaintiff's counsel paid the "accrued interest" to the Clerk of Court as ordered. *See* Order dated July 20, 2009, at 1. However, despite defendant's counsel's assurances, defendant was unable to re-issue the check because it was involved in bankruptcy proceedings. *Id.* at 1. Accordingly, on July 20, 2009, Judge Sifton entered an order directing plaintiff's counsel and defendant's counsel "to Show Cause . . . why an Order should not be issued directing them and each of them to deliver to the Clerk of the Court on or before August 3, 2009, checks for $1550.50, representing half of the principal sum, or such proportion of the principal amounts as may be appropriate, to be disbursed by the Clerk to Mr. Rodriguez . . . ." Order dated July 20, 2009, at 2.

After receiving responses to his order to show cause from both plaintiff's counsel and defendant's counsel, Judge Sifton issued an order directing plaintiff's counsel to pay the entire $3,101.00 directly to Mr. Rodriguez by August 3, 2009, and to "notify the court by letter when it has done so." Order dated July 29, 2009, at 2. On July 31, 2009, plaintiff's counsel filed a letter advising the Court that Mr. Rodriguez had "picked up our check for $3101.00 from our office today." Letter to Hon. Charles P. Sifton from Michael D'Agostino, dated July 31, 2009. However, aside from the reference in Judge Sifton's July 20, 2009, order, there was nothing in the record to establish that the interest had been paid by the Clerk of Court to Mr. Rodriguez.

Almost four years after receiving the check for $3,101.00, and over a year after Judge Sifton passed away, Mr. Rodriguez wrote a letter to the Chief Judge of this Court, requesting that

2

this action be reassigned. In his letter, Mr. Rodriguez acknowledged receiving "a check for a settled law suit with Six Flags Great Adventure" in 2009, but stated that he had not received "the interest on the money granted." Letter to the Chief Judge of the United States District Court for the Eastern District from Ricardo Rodriguez, Jr., dated June 27, 2013. Mr. Rodriguez stated, "I am seeking to receive the remainder of my judgment and all interest accrued from the settlement date to present time." *Id.*

In response to Mr. Rodriguez's letter, Magistrate Judge Pollak commenced proceedings to determine if Mr. Rodriguez had received the money he was owed. In the course of those proceedings, the magistrate judge obtained proof that plaintiff's counsel had delivered a money order in the amount of $1,193.24 to the Clerk of Court on July 10, 2013, and that the Clerk of Court had delivered a check in that amount to Mr. Rodriguez on July 16, 2013. Accordingly, on October 18, 2013, Judge Pollak issued a report and recommendation (the "R&R") concluding "that Judge Sifton's Order of April 1, 2009 has been fully complied with, and that plaintiff has received the proper amount of interest and principal due under the Settlement Order." R&R at 4. Judge Pollak recommended that, unless Plaintiff contacted the Court within two weeks of the date of the R&R to indicate a "basis for any further claim," no further action be taken on Mr. Rodriguez's letter of June 27, 2013. *Id.* at 4-5. Judge Pollak also advised the parties that any objections to the R&R had to be filed within 14 days of receipt of the R&R, and that failure to file timely objections would result in a waiver of the right to appeal. *Id.* at 5.

The R&R was uploaded onto the Court's Electronic Case Filing ("ECF") system on October 18, 2013. According to the docket sheet, a copy of the R&R was mailed to Mr.

Rodriguez at his last-known address that same day. To date, this Court has received no objections to the R&R.

The Court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Since this Court has received no objections to the R&R, this Court adopts the recommendations set forth therein. Morever, as stated in the R&R, the failure to file timely objections waives the right to appeal this Court's Order. *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

## *CONCLUSION*

For the reasons stated above, Magistrate Judge Pollak's Report and Recommendation dated October 18, 2013, is adopted in its entirety. No further action will be taken on Mr. Rodriguez's letter of June 27, 2013. This case, which was never formally reopened, shall remain closed.

**SO ORDERED.**

/s/(SLT)

/SANDRA L. TOWNES
United States District Judge

Dated: December 30, 2013
      Brooklyn, New York

4